**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Hope Brown and Thomas Lott, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> South Carolina Public Service Authority (also known as Santee Cooper) and SCANA Corporation, <br><br> Defendants. | Civil Action No. ___3:17-2764-TLW___ |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant SCANA Corporation ("SCANA") removes the above-captioned action from the Court of Common Pleas for Richland County, South Carolina (Case Number 2017-CP-40-05409) to the United States District Court for the District of South Carolina, Columbia Division, with full reservation of its defenses. Defendant South Carolina Public Service Authority (also known as Santee Cooper) ("Santee Cooper") consents to removal to this Court. SCANA bases removal on 28 U.S.C. §§ 1331 and 1367, and as grounds for removal, SCANA states the following:

### I.     PROCEDURAL HISTORY AND BACKGROUND

1.     Plaintiffs filed this action on September 8, 2017, in the Court of Common Pleas for Richland County, South Carolina.

2.     Santee Cooper is an agency of the State of South Carolina and provides electrical power to customers in South Carolina. South Carolina Electric and Gas Company ("SCE&G"), a wholly-owned subsidiary of SCANA, provides electrical service customers in South Carolina.

DM: 5123373 v.6

SCE&G is a utility company regulated by the South Carolina Public Service Commission ("PSC").

3.     In the Complaint, Plaintiff Hope Brown alleges that she is a citizen and resident of Florence County, South Carolina, and is a customer of Santee Cooper; Plaintiff John Lott alleges that he is a citizen and resident of Richland County, South Carolina, and is a customer of SCE&G.

4.     The Complaint relates to the cessation of construction of two nuclear power plants, units 2 and 3, at the V. C. Summer nuclear power station in Jenkinsville, South Carolina (the "Project").  SCE&G owns 55% of the Project, and Santee Cooper owns 45%.

5.     The Complaint challenges the fees and charges Santee Cooper and SCE&G allegedly imposed on ratepayers for construction of the Project.

6.     On behalf of a class of all Santee Cooper and SCE&G electric service customers who have paid additional electric rates due to the Project, Plaintiffs' Complaint asserts six causes of action (described further below) seeking recovery of the additional rates previously paid, punitive damages, attorneys' fees and costs, and other unspecified relief.

## II.     ALL JURISDICTIONAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A.     Pursuant to 28 U.S.C. § 1331, this Court has Original Jurisdiction over this action.

7.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because four of Plaintiffs' claims arise under the Constitution or laws of the United States, and the Complaint presents the following questions of federal law on its face:

a.     First Count – alleging Santee Cooper violated the Fifth Amendment of the United States Constitution;

b.     Second Count – alleging Santee Cooper violated 42 U.S.C. § 1983;

DM: 5123373 v.6

c.     Third Count – alleging Santee Cooper violated the Fourteenth Amendment of the United States Constitution; and

d.     Fourth Count – alleging both Defendants conspired in violation of 42 U.S.C. § 1983.

8.     Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**B.     This Court has Supplemental Jurisdiction over Plaintiffs' state law claims against both Defendants for violations of the South Carolina Constitution, unjust enrichment, and money had and received pursuant to 28 U.S.C. § 1367(a).**

9.     The remaining state law causes of action are within the supplemental jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1367(a) because the facts underlying the state law claims in the Complaint are the same as those underlying the federal constitutional and statutory claims discussed above.  Claims alleged under the takings clause of the South Carolina Constitution (Art. I, § 13(A)) are substantively identical to the claims alleged under the Fifth Amendment to the United States Constitution.  *See Byrd v. City of Hartsville*, 365 S.C. 650, 656 n.6, 620 S.E.2d 76, 79 n.6 (2005) ("Takings analysis under South Carolina law is the same as the analysis under federal law.") (quoting *Westside Quik Shop, Inc. v. Stewart*, 341 S.C. 297, 306, 534 S.E.2d 270, 275 (2000)).

10.     In determining whether supplemental jurisdiction exists, state and federal claims are considered part of the same case or controversy if they "derive from a common nucleus of operative fact." *N. Am. Van Lines, Inc. v. Atl. Transfer & Storage Co.*, 487 F. Supp. 2d 672, 674 (D.S.C. 2007) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).  Section 1367 "is broadly phrased to provide for supplemental jurisdiction over claims appended to 'any civil action' over which the court has original jurisdiction." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 144

DM: 5123373 v.6

(4th Cir. 2001). Here, the common nucleus of operative facts for all of Plaintiffs' claims—both state and federal—relate to the decisions made by Santee Cooper and SCE&G to cease construction of the Project and the funds paid or to be paid by Santee Cooper's and SCE&G's customers for such construction. Accordingly, Plaintiffs' claims under federal law for a taking of property in violation of the Fifth Amendment and for violations of 28 U.S.C. § 1983 and under state law for an unconstitutional taking of property, unjust enrichment, and money had and received form part of the same case or controversy under Article III of the United States Constitution. As such, this action is properly removed, in its entirety, to the United States District Court for the District of South Carolina, and this Court properly has jurisdiction over this matter.

11.     The statutory exclusions for the exercise of supplemental jurisdiction contained in 28 U.S.C. §§ 1367(b) and (c) do not apply.

### III.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

12.     Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446. SCANA files this Notice of Removal in the United States District Court for the District of South Carolina, Columbia Division, which is the district court of the United States for the district and division embracing the state court where the state court action is pending.

13.     Plaintiffs served the Pleadings upon SCANA on September 12, 2017, and upon Santee Cooper on September 13, 2017. As of the filing of this Notice of Removal, the time for filing a responsive pleading has not expired, and therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(2).

DM: 5123373 v.6

14.     True and correct copies of all pleadings served on SCANA in the state court action, i.e., Civil Action Coversheet, Summons, and Complaint (collectively the "Pleadings") are attached hereto as **Exhibit A**.

15.     Pursuant to 28 U.S.C. § 1441(b), Santee Cooper has consented to removal to this Court and, thus, all defendants consent to removal.  Attached hereto as **Exhibit B** is a consent to removal signed by counsel for Santee Cooper.

16.     Attached hereto as **Exhibit C** is a copy of the Notice of Filing of Notice of Removal, which, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of the Court of Common Pleas for Richland County, South Carolina and served upon Plaintiffs, pursuant to 28 U.S.C. § 1446(d).

17.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

18.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

19.     By removing this action to this Court, Defendants do not waive any defenses available to them nor admit any of the allegations in Plaintiffs' Complaint.

WHEREFORE, this action should proceed in the United States District Court for the District of South Carolina as an action properly removed thereto.

*[signature on following page]*

DM: 5123373 v.6

**HAYNSWORTH SINKLER BOYD, P.A.**

By: <u>s/James Y. Becker</u>

     James Y. Becker, Federal ID 5733
     Manton M. Grier, Federal ID 2461
     Robert Y. Knowlton , Federal ID 2380
     Mary C. Eldridge, Federal ID 12540
1201 Main Street, Suite 2200
Post Office Box 11889 (29211-1889)
Columbia, South Carolina 29201
(803) 779.3080

October 12, 2017
Columbia, South Carolina           *Attorneys for Defendant SCANA Corporation*

Page **6** of **6**

DM: 5123373 v.6

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Hope Brown and Thomas Lott, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> South Carolina Public Service Authority (also known as Santee Cooper) and SCANA Corporation, <br><br> Defendant. | Civil Action No. _____ |

**JOINDER AND CONSENT TO REMOVAL**

Without waiving any of its defenses or any other rights, Defendant South Carolina Public Service Authority (also known as Santee Cooper) ("Santee Cooper") hereby consents to the removal of this action from the Court of Common Pleas, Fifth Judicial Circuit, County of Richland, South Carolina, wherein it is now pending, to the United States District Court for the District of South Carolina. Removal is proper for the reasons stated in Defendant SCANA Corporation's Notice of Removal.

Defendant Santee Cooper first received a copy of the Summons and Complaint, the initial pleading setting forth the claim for relief upon which this action is based, on September 13, 2017.

*[signature page follows]*

**EXHIBIT B**

By:_____
B. Rush Smith III (Fed. ID No. 5031)

Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
(803) 779-20000

*Attorneys for Defendant South Carolina Public Service Authority (also known as Santee Cooper)*

October 11, 2017
Columbia, South Carolina

2

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

IN THE COURT OF COMMON PLEAS

Case No. 2017-CP-40-05409

Hope Brown and Thomas Lott on behalf
of themselves and all others similarly
situated,

                 Plaintiffs,

    vs.

South Carolina Public Service Authority
(also known as Santee Cooper) and
SCANA Corporation,

                 Defendants.

## NOTICE OF FILING OF NOTICE OF REMOVAL

    Defendant SCANA Corporation gives notice that it has removed this action to the United

States District Court for the District of South Carolina, Columbia Division. A copy of the Notice

of Removal filed with the District Court, without exhibits, is attached hereto.

HAYNSWORTH SINKLER BOYD, P.A.

By: _____
     James Y. Becker, Federal ID 5733
     Manton M. Grier, Federal ID 2461
     Robert Y. Knowlton , Federal ID 2380
     Mary C. Eldridge, Federal ID 12540
1201 Main Street, Suite 2200
Post Office Drawer 11889 (29211-1889)
Columbia, South Carolina 29201
(803) 779.3080 Tel

*Attorneys for Defendant SCANA Corporation*

October 12, 2017

EXHIBIT C

DM: 5150320 v.1